**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE ESPAILLAT, | |
| Plaintiff, | Civil Action No. 2:15-cv-00314-SDW-SCM |
| v. | **OPINION** |
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR35; INDYMAC BANK, F.S.B., AS SERVICER; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.; AND DOES 1 THROUGH 10, | May 21, 2015 |
| Defendants. | |

**WIGENTON**, District Judge.

Before this Court is a Motion to Dismiss the Complaint filed by Defendants Deutsche Bank National Trust Company as Trustee for IndyMac INDX Mortgage Loan Trust 2006-AR35 ("Deutsche Bank") and Mortgage Electronic Registration Systems, Inc. ("MERS" and, collectively with Deutsche Bank, "Moving Defendants") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons discussed below, this Court **GRANTS** Defendants' motion to dismiss.

**BACKGROUND**

Pro se plaintiff Jose Espaillat ("Plaintiff") owns the subject property located at 478 Rutherford Avenue, Lyndhurst, New Jersey (the "Property"). (Compl. ¶ 1.) On November 28, 2006, Plaintiff executed a Note in favor of IndyMac Bank, FSB ("IndyMac") for the sum of $325,600. (Compl. ¶¶ 26-28.) To secure payment, Plaintiff executed a Mortgage of even date on the Property. The Mortgage names MERS as the mortgagee and nominee for IndyMac and its successors and assigns. (Compl. ¶ 28.) Deutsche Bank is the trustee for the trust that currently owns Plaintiff's Note and Mortgage. (Compl. ¶ 30.)

On June 23, 2011, Plaintiff filed for bankruptcy under Chapter 13 of the Bankruptcy Code. (Messinger Decl. ¶ 5, Ex. C.) On October 27, 2011, OneWest Bank, FSB, as servicer for the Mortgage, filed a claim in Plaintiff's bankruptcy proceeding as to the Note and Mortgage for the sum of $326,258.41. (*Id.* at ¶ 6, Ex. D.) This claim was subsequently assigned to Ocwen Loan Servicing, LLC on March 24, 2014. (*Id.*) On August 27, 2014, the United States Bankruptcy Court for the District of New Jersey ordered Plaintiff's bankruptcy discharge. (*Id.* at ¶ 7, Ex. E.)

On January 16, 2015, Plaintiff filed his Complaint against Defendants, alleging Declaratory Relief (Count I); Injunctive Relief (Count II); Quiet Title (Count III); Negligence Per Se (Count IV); Accounting (Count V); Breach of the Covenant of Good Faith and Fair Dealing (Count VI); Breach of Fiduciary Duty (Count VII); Wrongful Foreclosure (Count VIII); Violation of the Real Estate Settlement Procedures Act ("RESPA") (Count IX); Violation of the Home Ownership Equity Protection Act ("HOEPA") (Count X); Fraud in the Concealment (Count XI); Intentional Infliction of Emotional Distress (Count XII); and Slander of Title (Count XIII). (Dkt. No. 1.)

On March 27, 2015, the Moving Defendants filed their Motion to Dismiss, which they amended on March 30, 2015. (Dkt. No. 3, 7.) Plaintiff filed his response on April 7, 2015. (Dkt. No. 9.)

**LEGAL STANDARD**

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Smith v. Barre*, 517 F. App'x. 63, 65 (3d Cir. 2013) (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

3

misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679.

In *Fowler v. UPMC Shadyside*, the Third Circuit devised "a two-part analysis." 578 F.3d 203, 210 (3d Cir. 2009). First, the court must separate the complaint's factual allegations from its legal conclusions. *Id.* at 210-11. Having done that, the court must take only the factual allegations as true and determine whether the plaintiff has alleged a "plausible claim for relief." *Id.* (quoting *Iqbal,* 566 U.S. at 679).

**DISCUSSION**

The gravamen of Plaintiff's Complaint is that Defendants do not have a right or interest in the Note or Mortgage because (1) his loan was improperly securitized, and (2) there are defects in the chain of title. Notably, it appears that no foreclosure action has been instituted against Plaintiff to date.

*Declaratory Relief (Count I) and Injunctive Relief (Count II)*

Plaintiff argues that he is entitled to declaratory and injunctive relief because Defendants failed to comply with the terms of the Pooling and Servicing Agreement ("PSA") under which his loan was securitized and the transfers and assignments of the Note and Mortgage were improper. (Compl. ¶¶ 143-157.)

This Court finds that Plaintiff lacks standing to assert a violation of the PSA or assignments of mortgage because he is neither a party to nor an intended third-party beneficiary of the PSA or assignments. *See Eun Ju Song v. Bank of America, N.A.*, No. 2:14–3204, 2015 WL 248436, *2 (D.N.J. Jan. 20, 2015). Here, both the Note and the Mortgage expressly indicate that they may be transferred. (*See* Messinger Decl., Exs. A and B.) Moreover, the Mortgage names MERS as the

nominee for the original lender, IndyMac, and its successors and assigns. (*See id.*) Therefore, MERS, on behalf of IndyMac, had the right to assign the Mortgage.

Even if Defendants had engaged in the alleged violations, Plaintiff would not be entitled to declaratory or injunctive relief. First, declaratory relief requires a live controversy of sufficient immediacy between the parties. *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1170 (3d Cir. 1987). In contrast, here, there is no pending foreclosure action to make these allegations relevant. Second, an injunction is a remedy that requires a party to show "(1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) the public interest." *Liberty Lincoln–Mercury, Inc. v. Ford Motor Co.*, 562 F.3d 553, 556 (3d Cir. 2009). However, Plaintiff fails to allege any facts that would support injunctive relief. Further, there is no foreclosure action for this Court to enjoin. Thus, Plaintiff fails to state a cognizable claim for declaratory or injunctive relief.

For these reasons, this Court grants the Moving Defendants' motion to dismiss Counts I and II.

*Quiet Title (Count III)*

In Count III, Plaintiff seeks to quiet title to prevent Defendants from claiming any interest in the Property. "The purpose of an action to quiet title is to put within the power of a person, who is in peaceable possession of realty as an owner, a means to compel any other person, who asserts a hostile right or claim, or who is reputed to hold such a right or claim, to come forward and either disclaim or show his right or claim, and submit it to judicial determination." *English v. Federal Nat. Mortg. Ass'n*, No. 13–2028, 2013 WL 6188572, *3 (D.N.J. Nov. 26, 2013) (quoting *Schiano v. MBNA*, No. 05–171, 2013 WL 2452681, at *26 (D.N.J. Feb.11, 2013). Here, Plaintiff's

conclusory allegations regarding the invalidity of the loan documents are insufficient to state a quiet title claim. Plaintiff fails to set forth facts showing the invalidity of the Note, Mortgage, or assignments, or that he paid the Note in full so as to "clear up all doubts and disputes concerning" competing claims to the Property. N.J. Stat. Ann. 2A: 62-1. Therefore, this Court grants Defendants' motion to dismiss Count III.

***Negligence Per Se (Count IV), Violation of the Real Estate Settlement Procedures Act ("RESPA") (Count IX), Violation of the Home Ownership Equity Protection Act ("HOEPA") (Count X), and Fraud in the Concealment (Count XI)***

Plaintiff's allegations of negligence per se, RESPA, HOEPA, and fraud in the concealment, all relate to the loan's origination and securitization, which occurred between November 28 and 29, 2006. (*See* Compl. ¶¶ 26-30.)

In New Jersey, a six-year statute of limitations governs negligence and fraud claims. N.J. Stat. Ann. 2A:14-2 and 2A:14-1. RESPA Section 2607 claims are governed by a one-year statute of limitations. 12 US.C. § 2614. Claims for rescission under HOEPA are subject to a three-year statute of limitations. 15 U.S.C. § 1635(f). Because Plaintiff filed his Complaint on January 16, 2015, over eight years after the loan was originated, Counts IV, IX, X, and XI are barred and will be dismissed.

*Accounting (Count V)*

In Count V, Plaintiff requests an accounting because "INDYMAC sold the PLAINTIFF'S NOTE without endorsing the NOTE and without making and recording an assignment of the MORTGAGE, Plaintiff has been making improper mortgage payments to Defendants." (Compl. ¶ 172.) However, an accounting is considered a remedy, not a separate cause of action. *Tolia v. Dunkin Brands*, No. 11–3656, 2011 WL 6132102, *6 n.5 (D.N.J. Oct. 7, 2011). Further, Plaintiff

asserts only conclusory statements and fails to allege any facts entitling him to an accounting. Therefore, Count V is dismissed for failure to state a claim upon which relief can be granted.

### *Breach of the Covenant of Good Faith and Fair Dealing (Count VI)*

Plaintiff argues that Defendants' conduct breached the covenant of good faith and fair dealing. To successfully allege such a claim, a plaintiff must demonstrate that: "(1) a contract exists between the plaintiff and the defendant; (2) the plaintiff performed under the terms of the contract [unless excused]; (3) the defendant engaged in conduct, apart from its contractual obligations, without good faith and for the purpose of depriving the plaintiff of the rights and benefits under the contract; and (4) the defendant's conduct caused the plaintiff to suffer injury, damage, loss or harm." *Graddy v. Deutsche Bank*, 11–3038, 2013 WL 1222655, *4 (D.N.J. Mar. 25, 2013). Here, Plaintiff does not allege that he "performed under the terms of the contract" by paying off his Mortgage obligation, nor does he allege facts to support any of the remaining elements for a breach of the covenant of good faith and fair dealing claim. *See id.* Therefore, this Court grants the Moving Defendants' motion to dismiss Count VI.

### *Breach of Fiduciary Duty (Count VII) and Intentional Infliction of Emotional Distress (Count XII), and Slander of Title (Count XIII)*

The economic loss doctrine, which "prohibits plaintiffs from recovering in tort economic losses to which their entitlement only flows from a contract," bars Plaintiff's breach of fiduciary duty (Count VII), intentional infliction of emotional distress (Count XII), and slander of title (Count XIII) claims. *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 618 (3d Cir. 1995). These tort-based claims are rooted in a contractual relationship between the parties based upon the executed Note and Mortgage. Thus, the Moving Defendants' motion to dismiss Counts VII, XII and XIII is granted.

*Wrongful Foreclosure (Count VIII)*

In Count VIII, Plaintiff alleges that Defendants wrongfully foreclosed on the subject Property. Plaintiff provides no basis for asserting such a claim. He fails to provide any facts supporting that there is a foreclosure action pending against him. Accordingly, Count VIII is dismissed for failure to state a claim upon which relief can be granted.

**CONCLUSION**

For the reasons stated above, this Court **GRANTS** the motion to dismiss. Because amendment of the Complaint would be futile, the Complaint is **DISMISSED WITH PREJUDICE** as to the Moving Defendants. This Court will also *sua sponte* **DISMISS** Plaintiff's claims against non-moving defendant IndyMac Bank, F.S.B. **WITH PREJUDICE**. *See Eun Ju Song v. Bank of America, N.A.*, No. 2:14–3204, 2015 WL 248436, *3 (D.N.J. Jan. 20, 2015) ("[A] a court dismissing claims against moving defendants may *sua sponte* dismiss claims against non-moving defendants"); *see also Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 162 (7th Cir.1993) ("A court may grant a motion to dismiss even as to nonmoving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related."). An appropriate order follows.

s/ Susan D. Wigenton, U.S.D.J.

Orig:  Clerk
cc:   Parties
    Magistrate Judge Steven C. Mannion